ALLAN B. GELBARD, ESQ. (CA Bar # 184971)
THE LAW OFFICES OF ALLAN B. GELBARD
15760 Ventura Boulevard, Suite 801
Encino, CA 91436
Tel:(818)386-9200
Fax:(818)386-9289
E-Mail: XXXEsq@aol.com

Attorney for Plaintiff
Bryanston Distributors, Inc.

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANSTON DISTRIBUTORS, INC., a Nevada corporation, <br><br> Plaintiff <br><br> vs. <br><br> THE CINEFAMILY, a California corporation and DOES 1-10, Inclusive, <br><br> Defendants | **CASE NO: 2:14CV4610** <br><br> **PLAINTIFFS COMPLAINT FOR:** <br><br> **COPYRIGHT INFRINGEMENT (17 U.S.C. § 501 et seq.);** <br><br> **CONTRIBUTORY COPYRIGHT INFRINGEMENT;** <br><br> **UNFAIR COMPETITION (CA B&P § 17200 *ET SEQ*).** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Bryanston Distributors, Inc., a Nevada corporation by and through their attorney Allan B. Gelbard, Esq., file their Complaint against defendants The Cinefamily, a California corporation and Does 1-10, Inclusive; and allege as follows:

### JURISDICTION

1.  This action arises under 17 U.S.C. § 101, *et seq*. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1338 as well as supplemental jurisdiction over the additional state cause of action pursuant to 28 U.S.C. § 1338(b).

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b).

## PARTIES

3. Plaintiff BRYANSTON DISTRIBUTORS, INC., ("Bryanston" or "Plaintiff") is a Nevada corporation having its principal place of business at 10785 W. Twain Ave., Suite 102, Las Vegas, NV 89135.

4. Plaintiff is informed and believes and thereupon alleges that defendant THE CINEFAMILY (hereinafter "Cinefamily" or "Defendant") is a California corporation with its principal place at 611 N. Fairfax Ave., Los Angeles, CA 90036.

5. Plaintiff is informed and believes and thereupon alleges that Defendant DOES 1-5, Inclusive, are the true legal names of additional individuals and/or entities who's actions are at issue herein.  Plaintiff does not know the true name or capacity of the Defendants sued herein as DOES 1-5 and therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges, that DOES 1-5 are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as hereinafter alleged were proximately caused by the acts of such Defendants, and each of them.

6. Plaintiff is informed and believes and thereupon alleges that Defendant DOES 6-10, Inclusive, are additional individuals who personally controlled the entities who's actions are at issue herein.  Plaintiff does not know the true name or capacity of the Defendant sued herein as DOES 6-10 and therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon

alleges, that DOES 6-10 are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as hereinafter alleged were proximately caused by the acts of such Defendants, and each of them.

7. Plaintiff is informed and believes and thereupon alleges that DOES 6-10 personally authorised, controlled and/or assisted defendants Cinefamily and/or DOES 1-5 in their unlawful activities alleged herein.

8. Plaintiff is informed and believes and thereupon alleges that at all times herein relevant, Defendants and each of them, were the agents, servants and employees of their Co-Defendants and were acting and conspiring both individually and within the scope of such agency, service and employment while performing the acts complained of herein.

9. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto:

    A) That DOES 6-10, Inclusive dominated, influenced and controlled Defendants Cinefamily and DOES 1-5, Inclusive, and all other employees thereof, as well as the business affairs of Cinefamily and DOES 1-5.

    B) That Cinefamily and/or DOES 1-5, Inclusive are, and at all times relevant hereto were, mere shells and naked frameworks which DOES 6-10, Inclusive used as conduits for his/her/their personal business, property and affairs.

C) That there is such a unity of interest and ownership between one or more of the DOE 6-10 defendants (on the one hand) and Cinefamily and/or the DOE 1-5 defendants (on the other hand) that the separateness of Cinefamily and/or one or more of the DOE 1-5 Defendants as entities has ceased.

D) That adherence to the fiction of the separate corporate existence of Cinefamily and DOES 1-5 would, under the circumstances, sanction a fraud and promote injustice.

E) That Cinefamily and/or one or more of the DOE 1-5 defendants are alter egos of one or more of the DOE 6-10 defendants who are personally liable for the obligations of Cinefamily and/or DOES 1-5 as described below.

## GENERAL ALLEGATIONS

10. Plaintiff is in the business of producing and distribution numerous highly successful motion picture films which are distributed in theaters, through fixed media (e.g., DVD, BlueRay, etc.) and through the World Wide Web.

11. Plaintiff has made and continues to make substantial investments of time, effort and expense in the production, marketing and branding of its products.

12. In 1984, the film Savage Streets, the subject of this litigation, was completed. The film, directed by Danny Steinmann, starred Linda Blair and featured numerous additional famous performers including but not limited to John Vernon, Robert Dryer, Sal Landi, and Linnea Quigley. The film has become a "cult classic."

-4-

Bryanston Distributors v The Cinefamily
Complaint for Damages

13. Savage Streets was produced by Ginso Investment Corp. which subsequently changed its name to Savage Streets Productions, Inc. ("SSP").

14. Plaintiff is informed and believes, and thereupon alleges that at all times relevant hereto, SSP complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, *et seq*., and secured the exclusive rights and privileges under copyright in and to Savage Streets. The original screenplay to Savage Streets was registered with the Library of Congress on or about November 15, 1983 (Copyright Registration # PA 563-890); and upon completion, the film was registered with the Library of Congress on or about July 30, 1984 (Copyright Registration # PA 216-551).

15. On or about September 1, 1984, SSP transferred all rights, title and interest, including the copyrights, in and to Savage Streets to Motion Picture Marketing, Inc. ("MPM").

16. On or about November 20, 2007, MPM transferred all rights, title and interest, including the copyrights, in and to Savage Streets to Plaintiff Bryanston Distributors, Inc. The transfer was recorded in the Library of Congress on or about April 16, 2008.

17. Since the dates of registration, all copies of Savage Streets have been manufactured in strict conformity with the Copyright Act, 17 U.S.C. §§ 101, *et seq*., including 17 U.S.C. §§ 401-412, and all other applicable laws. SSP, MPM and Plaintiff have fully maintained the validity of the copyrights in and to Savage Streets and each's exclusive successive rights therein.

18. At no time has Plaintiff authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate or publically perform Savage Streets.

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 - Fax (818)386-9289

19. Plaintiff is informed and believes and thereupon alleges that Defendants are in the business of, among other things, operating a movie theater in Hollywood, California that, as part of its regular business practices, sells tickets to and publically performs various motion picture films. Plaintiff is further informed and believes, and thereupon alleges, that in many cases, Defendants do not acquire licenses and/or lawful permission to publically perform many of these films.

20. In or about June 2013, Plaintiff became aware that Defendants were advertising, and selling tickets to, a late night public screening of Savage Streets to be held at a midnight show on June 23, 2013. Plaintiff had not licensed Defendants, or any of them, the rights to publically perform Savage Streets, nor provided a print of the film for projection.

21. On or about June 21, 2013, Plaintiff contacted representatives of the Motion Picture Association of America, Content Protection division, and advised them - in their role as investigators of content piracy - that Cinefamily was advertising a screening of Savage Streets and that such a public performance would be in violation of Bryanston's exclusive rights under copyright.

22. Plaintiff is informed and believes, and thereupon alleges that on or about June 21, 2013 at approximately 1:00PM, MPAA Investigator David Horan ("Horan") telephonically contacted Defendant's employee Nedjelko Spaich ("Spaich"), identified himself as an MPAA Investigator, and advised Spaich (in his capacity as an Cinefamily employee) that the public performance of Savage Streets would be illegal. He also advised Spiach that the film print was likely stolen property. Mr. Spaich stated that he would advise the general manager, who he identified as "Hadrian" of the call.

23. Plaintiff is informed and believes, and thereupon alleges that at approximately 2:45PM on June 21, 2013, Horan received a return call from Hadrian Belove ("Belove") who identified himself as the Cinefamily manager. Horan advised Belove, as the Cinefamily manager, that the public performance of Savage Streets would be illegal and that the film print was likely stolen property. Horan also advised Belove that he should undertake due diligence to ascertain whether Cinefamily had all necessary legal rights to publically perform Savage Streets.  He also informed Belove that Plaintiff claimed to be the copyright holder and provided Belove with Plaintiff's contact information.

24. At no time did Belove, or any other Defendant, contact Plaintiff pertaining to the pending public performance of Savage Streets. Rather, Plaintiff is informed and believes, and thereupon alleges, that having been placed on actual notice that they did not have the lawful rights to publically perform Savage Streets, Defendants decided to surreptitiously carry through their plan to unlawfully screen the film. To that end, Defendants removed Savage Streets from their marquis and their on-line internet advertising, leaving 2 other films "Angel" and "Vice Squad" on the billing.

25. Plaintiff's president, Edward Parry ("Parry"), had been advised that Defendants oft-times surreptitiously played unlicensed films in their theater. Therefore, Parry, accompanied by a retired private investigator, attended the midnight screening on June 23, 2013.  Defendants employees excitedly announced that "the print has arrived" and shortly thereafter, Defendants willfully and publically performed Savage Streets, from beginning to end, for their paying audience.

///

26. Parry thereafter contacted the Los Angeles Police Department, and reported the unauthorized screening and Defendants' possession of stolen property. However before the Police arrived, the print of Savage Streets inexplicably vanished from the theater.

# FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT - 17 U.S.C. §§ 101 *ET SEQ*

27. Plaintiff re-alleges all facts included or inferred in Paragraphs 1 - 26, inclusive, above.

28. On or about June 23, 2013, Defendants willfully, unlawfully, and in violation of Plaintiff's copyrights, publically performed, for profit, the copyrighted film Savage Streets at the Cinefamily theater located in this Court's judicial district.

29. At no time did Plaintiff grant Defendants, or any of them, the right to publically perform Savage Streets, or any portion thereof.

30. At no time have Defendants, or any of them, obtained the right to publically perform Savage Streets from any lawful source.

31. Defendants' actions constitute an intentional and wilful infringement of the Savage Streets copyrights, and Plaintiff's exclusive rights therein.

32. Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover, instead of actual damages, statutory damages in an amount not more than one hundred fifty thousand dollars ($150,000.00) for Defendants' willful copyright infringement.

33. As Defendants' infringement was intentional, Plaintiff is entitled to an award of statutory and exemplary damages, attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

34. Plaintiff re-alleges all facts included or inferred in Paragraphs 1 - 33, inclusive, above.

35. Plaintiff is informed and believes and thereupon alleges that Defendants have intentionally and wilfully facilitated the infringement of Savage Streets by third parties, by taking possession of, knowingly public performing, and returning to said third parties, a stolen print of Savage Streets.

36. Defendant's actions constitute intentional contributory infringement of Plaintiff's exclusive rights under copyright.

37. As Defendants' infringement was intentional, Plaintiff is entitled to an award of Statutory and exemplary damages, attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION
## CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ.*

38. Plaintiff re-alleges all facts included or inferred in Paragraphs 1 - 37, inclusive, above.

39. Defendants intentionally and willfully publically performed Savage Streets, having actual and/or constructive knowledge that they did not have the lawful right to do so, and that the film print was stolen property, in the State of California in an effort to gain a financial windfall through unlawfully competing with Plaintiff and Plaintiff's lawful licensees. Defendants' activities constitute unlawful, unfair and fraudulent business practices and unfair, deceptive, untrue and misleading advertising.

40. Defendants' actions are likely to cause confusion, mistake and deception in the minds of Plaintiffs customers, members of the trade, and the general public as to the origin and/or sponsorship of Defendants' good and/or services.

41. As a result of Defendants' wrongful conduct, Plaintiffs have suffered damages, including but not limited to loss of earnings and goodwill, in an amount to be proven at trial, but in no case less than one million dollars ($1,000,000.00).

42. As Defendants' unlawful business practices included willful violation of Plaintiff's rights, Plaintiff is entitled to an award of statutory penalties including treble damages, attorneys' fees and costs of suit.

**WHEREFORE; PLAINTIFF PRAYS**:

1. That Defendants be required to pay to Plaintiff's actual damages proximately resulting from Defendants' copyright infringement, contributory infringement, and unfair competition; and,

2. That Defendants account for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyrights or such damages as to this Court shall appear proper within the provisions of the copyright statutes, up to

$150,000.00 for each of Plaintiff's Works which was intentionally and unlawfully infringed by Defendants; and,

3. That Defendant disgorge all gains, profits and advantages derived by said unfair competition,; and,

4. For statutory and/or exemplary damages, as awarded by this Court; and,

5. That Defendants be required to deliver up to be impounded during the pendency of this action all copies of Savage Streets, in any format, in Defendants' possession or under their control and to deliver up for destruction all infringing copies and all film prints, audiovisual masters, photographic masters, plates, molds, equipment and other matter for making such infringing copies.

6. That Defendants pay to Plaintiff reasonable attorney's fees pursuant to 17 U.S.C. § 505.

7. That Defendants pay to Plaintiff the costs of this action; and,

8. For such additional and further relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

///

Dated: this 14th day of August, 2014.

                THE LAW OFFICES OF ALLAN B. GELBARD

                _____
                Allan B. Gelbard, Esq.
                Attorney for Plaintiff
                Bryanston Distributors, Inc.

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 - Fax (818)386-9289